INDIANAPOLIS GAS CO. v. CITY OF INDIANAPOLIS.

(Circuit Court, D. Indiana. August 17, 1897.)

No. 9,493.

1. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.
A suit to restrain the enforcement of a city ordinance limiting charges for artificial gas, on the ground that it allows no profit to the gas company, and therefore deprives it of its property without due process of law, and denies it the equal protection of the laws, contrary to the fourteenth amendment, is one involving a federal question, and a federal court has jurisdiction, regardless of the citizenship of the parties.

2. INJUNCTION—TEMPORARY RESTRAINING ORDER.
Whether a temporary restraining order should be granted pending litigation in a suit for perpetual injunction depends largely on the character and extent of the inconvenience or injury that will result to the one party or the other from granting or refusing it. If the injury to the complainant, from its refusal, should his contention be sustained, would be practically irremediable, it will be granted on terms protecting the rights of the defendant.

F. Winter, for complainant.
James B. Curtis, for defendant.

BAKER, District Judge. 1. The defendant insists that this court cannot take cognizance of this cause, because both parties are citizens of this state. The same objection was made in the case of Citizens' St. R. Co. v. City Ry. Co., 56 Fed. 746. This court overruled the objection so made, and asserted its jurisdiction on the ground that the suit was arising under the constitution of the United States. On appeal the supreme court (166 U. S. 557, 17 Sup. Ct. 653) affirmed the decision of this court, declaring that its jurisdiction was undoubted. These cases are conclusive of the jurisdiction of this court in the present case.

2. The supreme court has decided in many cases that there is a remedy in the courts for relief against legislation establishing a tariff of rates which is so unreasonable as to practically destroy the value of property of companies engaged in the carrying business, and especially may the courts of the United States treat such a question as a judicial one, and hold such act of legislation to be in conflict with the constitution of the United States, as depriving the companies of their property without due process of law, and as depriving them of the equal protection of the law. This principle extends to and protects all corporations and persons engaged, as is the complainant, in quasi public employments, whether the deprivation of their property without due process of law or the deprivation of the equal protection of the law arises from a legislative enactment or a municipal ordinance. In this case no denial has been made of the

truth of the facts set out in the bill of complaint, which is supported by affidavits. These facts must, therefore, for the purposes of the present application for a temporary restraining order, be taken to be true. Assuming all the facts so alleged to be true, in my opinion a case is presented which entitles the complainant to invoke the judgment of the court as to whether or not the ordinance in question will practically deprive it of its property without due process of law, and also deprive it of the equal protection of the law by compelling it to sell artificial gas without any return therefor in the way of profit. Whether a temporary restraining order ought to be granted pending such judicial inquiry will depend largely on the character and extent of the inconvenience or injury to the one party or the other from the granting or refusing of it. It is settled that upon a preliminary application for a temporary restraining order all that the judge should, as a general rule, require, is a case of probable right, and of probable danger to that right without the interference of the court, and its discretion should then be regulated by the balance of inconvenience or injury to the one party or the other. New Memphis Gas & Light Co. v. City of Memphis, 72 Fed. 952. It is evident, if the restraining order is refused, and the ordinance should eventually be held invalid, the injury resulting to the complainant from its enforcement would be practically irremediable, because of the number of its patrons and the small amount to be recovered from each. On the other hand, if a temporary restraining order is granted until the validity of the ordinance can be judicially determined, the rights of the city can be fully protected by requiring the complainant to give a bond that it will pay to the city the amount collected by it in excess of the rate prescribed by the ordinance in the event that such ordinance shall be adjudged to be valid. The court, therefore, will award a temporary restraining order pendente lite, and until the further order of the court, as prayed for in the bill of complaint, upon the complainant entering into an undertaking with sureties to the approval of the clerk of this court in substance as follows:

"We undertake and promise to pay to the city of Indianapolis a sum equal to two-fifths (2-5) of all sums of money collected or received by the Indianapolis Gas Company from or on account of the sale of artificial gas during the pendency of the temporary restraining order in the above-entitled cause, without any relief whatever from valuation or appraisement laws, and with attorney's fees, if the said Indianapolis Gas Company shall fail to obtain a perpetual injunction as prayed for in its bill of complaint."

The clerk will enter a temporary restraining order as prayed for in the bill of complaint upon the giving of the undertaking as above required.