HOY et al. v. ALTOONA MIDWAY OIL CO. et al.

(Circuit Court, D. Delaware. March 17, 1905.)

No. 255.

PRELIMINARY INJUNCTION—WHEN GRANTED.

On an application for a preliminary injunction where the bill sought the recovery of shares of stock alleged to have been obtained by the defendants from the complainants through fraud and duress, the case admittedly being within the jurisdiction of the court and wholly turning upon disputed questions of fact, and the only evidence adduced aside from the bill and answers consisting of exhibits, wholly inconclusive in themselves, and affidavits disclosing irreconcilable conflict on vital points, held, that, under the circumstances, and without any expression of opinion on the merits, a preliminary injunction should be awarded to preserve the property in litigation until the case could be disposed of on final hearing.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 86–90, 305–309.]

(Syllabus by the Court.)

In Equity.

Herbert H. Ward and David T. Marvel, for complainants.
Harry Emmons, for defendants.

BRADFORD, District Judge. This is an application for a preliminary injunction in a suit brought by Harvey K. Hoy and Franklin P. Hoy against the Altoona Midway Oil Company, Richard W. A. Jameson and Charles A. Barlow. The complainants seek to recover from Jameson 55,000 and from Barlow 30,000 shares of the

capital stock of the oil company of the par value of $1 each, which the complainants claim to be their property and allege were obtained by Jameson and Barlow through fraud and duress. The bill, among other things, prays in substance that Jameson and Barlow be declared to hold the disputed shares of stock as the property and for the benefit of the complainants, and be decreed to assign and transfer the same to them together with the proper certificate or certificates therefor, and also that, until the further order of the court, Jameson and Barlow be restrained from voting such shares of stock or otherwise performing any act of ownership with respect thereto, and the oil company be restrained from transferring such shares of stock or allowing them to be transferred upon its books, and from receiving, counting or considering any votes cast by virtue of the holding upon its books of such shares of stock or any of them in the names of Jameson and Barlow, or in the name or names of any other person or persons; and also that a preliminary injunction issue restraining the defendants in like manner. It is admitted that this court has jurisdiction of the controversy and, further, that the case wholly turns upon questions of fact; the principles of law and equity applicable to it being indisputable. In Harriman v. Northern Securities Co. (C. C.) 132 Fed. 464, I had occasion to consider the circumstances usually determinative of the propriety of granting or withholding preliminary injunctions. It was there said:

"The granting or refusal of a preliminary injunction, whether mandatory or preventive, calls for the exercise of a sound judicial discretion in view of all the circumstances of the particular case. Regard should be had to the nature of the controversy, the object for which the injunction is sought, and the comparative hardship or convenience to the respective parties involved in the awarding or denial of the injunction. The legitimate object of a preliminary injunction, preventive in its nature, is the preservation of the property or rights in controversy until the decision of the case on a full and final hearing upon the merits, or the dismissal of the bill for want of jurisdiction or other sufficient cause. The injunction is merely provisional. It does not, in a legal sense, finally conclude the rights of parties, whatever may be its practical operation under exceptional circumstances. In a doubtful case, where the granting of the injunction would, on the assumption that the defendant ultimately will prevail, cause greater detriment to him than would, on the contrary assumption, be suffered by the complainant, through its refusal, the injunction usually should be denied. But where, in a doubtful case, the denial of the injunction would, on the assumption that the complainant ultimately will prevail, result in greater detriment to him than would, on the contrary assumption, be sustained by the defendant through its allowance, the injunction usually should be granted. The balance of convenience or hardship ordinarily is a factor of controlling importance in cases of substantial doubt existing at the time of granting or refusing the preliminary injunction. Such doubt may relate either to the facts or to the law of the case, or to both. It may equally attach to, or widely vary in degree as between, the showing of the complainant and that of the defendant, without necessarily being determinative of the propriety of allowing or denying the injunction. Where, for instance, the effect of the injunction would be disastrous to an established and legitimate business through its destruction or interruption in whole or in part, strong and convincing proof of right on the part of the complainant and of the urgency of his case is necessary to justify an exercise of the injunctive power. Where, however, the sole object for which an injunction is sought, is the preservation of a fund in controversy, or the maintenance of the status quo, until the question of right between the parties can be decided on final hearing, the injunction properly may be al-

lowed, although there may be serious doubt of the ultimate success of the complainant. Its allowance in the latter case is a provisional measure, of suspensive effect and in aid of such relief, if any, as may finally be decreed to the complainant."

The foregoing views are supported by abundant authority. Russell v. Farley, 105 U. S. 433, 438, 26 L. Ed. 1060; City of Newton v. Levis, 79 Fed. 715, 25 C. C. A. 161; Glascott v. Lang, 3 Myl. & C. 451, 455; Hadden v. Dooley, 74 Fed. 429, 431, 20 C. C. A. 494; Great Western R. Co. v. Birmingham, etc., R. Co., 2 Phil. Ch. 597; Shrewsbury & Chester R. Co. v. Shrewsbury R. Co., 1 Sim. N. S. *410, *426, *427, *432; Denver & R. G. R. Co. v. United States, 124 Fed. 156, 59 C. C. A. 579; Allison v. Corson, 88 Fed. 581, 32 C. C. A. 12; Buskirk v. King, 72 Fed. 22, 18 C. C. A. 418; Sanitary Reduction Works v. California Reduction Co. (C. C.) 94 Fed. 693; Southern Pac. Co. v. Earl, 82 Fed. 690, 27 C. C. A. 185; New Memphis Gas & Light Co. v. Memphis (C. C.) 72 Fed. 952; Indianapolis Gas Co. v. Indianapolis (C. C.) 82 Fed. 245; Georgia v. Brailsford, 2 Dall. 402, 1 L. Ed. 433. The application of these principles to the case before the court clearly requires the awarding of a preliminary injunction. The case is not ripe for a final decision. Aside from the bill and answers the only evidence before the court consists of certain exhibits and ex parte affidavits. The exhibits are wholly inconclusive, and there is an irreconcilable conflict in the affidavits on vital points. Further, the affidavits in a number of instances are so drawn as to preclude the possibility of ascertaining from their face what allegations of fact proceed from personal knowledge and what from hearsay or mere surmise. Possibly the evidence, such as it is, preponderates on the side of the complainants. The case, however, on the present showing is doubtful, and that doubt can be resolved only after a thorough, orderly and rigid investigation of the facts, so conducted as to allow the application of the usual and most satisfactory test of truth, namely, the examination, cross-examination and re-examination of witnesses. To pass upon the merits now would be both premature and improper. It would be in large measure to substitute mere conjecture for duly established facts as the basis for a judicial determination. The "balance of convenience or hardship" here operates in favor of the complainants. It does not appear that the granting of the preliminary injunction would be detrimental to the interests of the oil company. It might prove injurious to Jameson and Barlow through the suspension, until the case shall be finally decided, of any and all acts of ownership on their part with respect to the shares of stock in controversy, and, possibly, of their receipt of dividends thereon. But this court has power to require as a condition precedent to the issuing of the injunction a bond from the complainants in such amount and with such surety as fully to indemnify the defendants, should they ultimately prevail, against any loss or damage resulting to them from their temporary restraint. On the other hand, the denial of a preliminary injunction might result in rendering fruitless, so far as this suit is concerned, any final decree for the complainants, through the alienation by the defendants pendente lite of the shares of stock

now held by them, and in forcing the complainants to resort to a multiplicity of suits against those to whom such shares should be transferred. Such a result would be calculated to hinder and embarrass, if not to defeat, the complainants, in their effort to recover the shares, through the creation of new equities on the part of those purchasing such stock directly or indirectly, from the defendants in good faith and for full consideration. Under these circumstances it is the duty of the court, without expressing at this stage an opinion on the merits, to preserve the property in litigation until the case can be disposed of on final hearing. An interlocutory decree for a preliminary injunction may be prepared and submitted.