JACOB RICHMAN, Respondent, *v.* CONSOLIDATED GAS COMPANY OF NEW YORK, Appellant.

NEW YORK CITY — GAS COMPANIES — UNITED STATES CIRCUIT COURT INJUNCTION RESTRAINING THE ENFORCEMENT OF EIGHTY CENT GAS ACT (L. 1906, CH. 125) NO BAR TO ACTION IN STATE COURT BY CONSUMER RESTRAINING GAS COMPANY FROM CUTTING OFF GAS — PRINCIPLE OF COMITY NOT APPLICABLE. An injunction issued by the Circuit Court of the United States in a suit by the Consolidated Gas Company of the city of New York to determine the constitutionality of chapter 125 of the Laws of 1906 fixing the maximum price of gas in that city at eighty cents per 1,000 feet, alleged to be invalid as in contravention of the 14th amendment of the United States Constitution and of section 10 of article 1 thereof, and to restrain the enforcement of the provisions of the statute, does not prevent the maintenance of an action in the Supreme Court of this State by a consumer not a party to the former suit, to restrain the gas company from cutting off the gas from his premises for failure to pay the rate authorized before the enactment of the statute, where, although the injunction of the United States court permitted such rate to be charged, the difference to be paid into court to await the determination of the controversy, it contained no provision requiring a consumer to pay the former rate or to refrain from defending any action to recover that amount or from maintaining any action to prevent the company from enforcing payment by cutting off gas from his premises; an injunction order in such action granting the relief sought is not in conflict with that issued by the United States court, and there is nothing in the principle of comity prohibiting the state court from entertaining jurisdiction to the extent of granting it.

*Richman* v. *Consolidated Gas Co.*, 114 App. Div. 216, affirmed.

(Argued October 5, 1906; decided October 16, 1906.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1906, which reversed an order of Special Term denying a motion for an injunction *pendente lite* and granted such motion.

The questions certified are:

1. Whether or not the Supreme Court has jurisdiction to entertain this action?

2. Whether or not, if the Supreme Court did have jurisdiction to entertain this action, it ought to have entertained jurisdiction in view of the principle of comity?

The facts, so far as material, are stated in the opinion.

*Joseph H. Choate* and *John A. Garver* for appellant. The Supreme Court of New York did not have jurisdiction to entertain these actions. (*Sharon* v. *Terry*, 36 Fed. Rep. 337; *Wallace* v. *McConnell*, 13 Pet. 136; *Suydam* v. *Broadnax*, 14 Pet. 67; *Payne* v. *Hook*, 7 Wall. 425; *McKim* v. *Voorhies*, 7 Cranch, 279; *Ableman* v. *Booth*, 21 How. [U. S.] 5, 6; *Riggs* v. *Johnson County*, 6 Wall. 166; *Amy* v. *Supervisors*, 11 Wall. 136; *Mayor* v. *Lord*, 9 Wall. 409, 414; *Supervisors* v. *Durant*, 9 Wall. 415; *Tarble's Case*, 13 Wall. 397; *French, Trustee*, v. *Hay*, 22 Wall. 250; *C. N. Bank* v. *Stevens*, 169 U. S. 432; *Beardslee* v. *Ingraham*, 183 N. Y. 411; *Opelika* v. *Daniel*, 59 Ala. 211; *Prugh* v. *P. S. Bank*, 48 Neb. 414.) The Federal court, having first acquired jurisdiction of the entire controversy, the state court will not be permitted to assume jurisdiction subsequently. (*Peck* v. *Jenness*, 7 How. [U. S.] 612; *Freeman* v. *Howe*, 24 How. [U. S.] 450; *Buck* v. *Colbath*, 3 Wall. 334; *Riggs* v. *Johnson County*, 6 Wall. 166; *U. S.* v. *Keokuk*, 6 Wall. 514; *Taylor* v. *Taintor*, 16 Wall. 366; *Heidritter* v. *E. O. C. Co.*, 112 U. S. 294; *Covell* v. *Heyman*, 111 U. S. 176; *R. G. R. Co.* v. *Gomila*, 132 U. S. 478; *Matter of Tyler*, 149 U. S. 164, 186; *Harkrader* v. *Wadley*, 172 U. S. 148.) The Supreme Court should have declined to entertain jurisdiction on the ground of comity. (*Howell* v. *Mills*, 53 N. Y. 322;

*People ex rel. G. L. Co.* v. *Common Council*, 78 N. Y. 56; *Petersen* v. *Chemical Bank*, 32 N. Y. 21; *Matter of Waite*, 99 N. Y. 433; *Matter of Paquete Habana*, 175 U. S. 677; *Triquet* v. *Bath*, 3 Burr. 1478; *People* v. *Martin*, 175 N. Y. 315; *Stoddard* v. *Lum*, 159 N. Y. 265; *Howarth* v. *Angle*, 162 N. Y. 179; *Lozier* v. *Westcott*, 26 N. Y. 146.)

*Clarence J. Shearn* for respondent. The pendency of the suit in the Federal court neither deprives the Supreme Court of the state of New York of jurisdiction nor justifies that court on any principle of comity in refusing to grant the relief prayed for. (*Lothrop* v. *Steadman*, 13 Blatchf. 134; *Deering* v. *York*, 31 Maine, 172; *San Diego* v. *California*, 174 U. S. 754; *Ball* v. *Tompkins*, 41 Fed. Rep. 486; *Matter of Hall* v. *Stilson Co.*, 73 Fed. Rep. 527.; *Heidritter* v. *E. O. C. Co.*, 112 U. S. 294; *Crescent City* v. *Butchers*, 12 Fed. Rep. 225; *Briggs* v. *Stroud*, 58 Fed. Rep. 717; *Andrews* v. *Smith*, 5 Fed. Rep. 833; *Peck* v. *Jenness*, 7 How. [U. S.] 612.)

Haight, J. The defendant is a corporation engaged in the business of manufacturing gas and conducting and supplying the same to consumers in the city of New York. The plaintiff occupies a room in No. 484 Sixth avenue in said city, and is a consumer of gas furnished by the defendant. Prior to the first day of May, 1906, the maximum price which the defendant was authorized to charge such consumer was one dollar per thousand cubic feet, but after that date the maximum price which it was permitted to charge was reduced to eighty cents per thousand cubic feet by order of the gas commission and by the provisions of chapter 125 of the Laws of 1906. Thereafter the defendant rendered to the plaintiff a bill for the gas consumed by him for the month of May at the rate of one dollar per thousand cubic feet, which he refused to pay, but tendered to the defendant the amount of such bill at eighty cents per thousand cubic feet. This amount the defendant refused to accept, and then threatened to cut off the gas from the plaintiff's premises and remove

the meter therefrom. Thereupon this action was brought to restrain the defendant from so cutting off the gas from the plaintiff's premises and refusing to continue to supply him therewith, and an injunction *pendente lite* was granted in accordance with his prayer for relief, which is now brought up for review.

It appears that prior thereto a bill of complaint was filed on behalf of the defendant company as complainant in the Circuit Court of the United States, in which the attorney-general of the state, the district attorney of the county of New York, the city of New York and the gas and electricity commission of the state were made parties defendant, in which the complainant prayed for judgment that the statute of the state creating the gas commission, and that of chapter 125 of the Laws of 1906, fixing the maximum price of gas at eighty cents per thousand cubic feet, be decreed to be illegal and void as in contravention of the fourteenth amendment of the Constitution of the United States and of section ten, article one, thereof, and that pending the final determination of that action an injunction was issued restraining the defendants from attempting to enforce the provisions of the statute in the meantime.

Much has already been written upon the subject, by the circuit judge, the Special Term and Appellate Division justices, and we recognize the fact that the questions involved in the litigation are of great importance ; but in view of the fact that the rights of the parties depend upon the questions of the constitutionality of the acts alluded to and that those questions will have to be ultimately determined by the Supreme Court of the United States, we have thought it advisable to refrain from any general discussion of the questions that may be involved and to confine ourselves to a statement of the grounds upon which we base our answers to the questions certified.

The filing of the bill in the Circuit Court of the United States by the Consolidated Gas Company, undoubtedly, gave that court jurisdiction to finally determine the constitutionality of

the acts complained of ; but the mere filing of the bill did not operate to suspend the provisions of the statute pending the final adjudication by that court as to the constitutionality of the acts. We are, therefore, called upon to examine the injunction that was issued pending the trial of the case for the purpose of determining how far the officers of the state, the municipality and the consumers of gas are affected by its provisions. By referring to the provisions of the injunction we find that the officers of the state and the municipality, who were made parties to the action, are first enjoined and restrained from in any way enforcing or attempting to enforce the provisions of the acts referred to until the final adjudication upon the trial of the case. The learned circuit judge then provides that the gas company may make the same charges for gas to its consumers as it was authorized theretofore to charge, and that, as to the payments made thereon, twenty cents per thousand cubic feet should be paid into court and deposited in a bank specified, there to remain until the rights of the company and the consumers were finally determined. There is no provision in the injunction which requires the consumers to pay one dollar per thousand cubic feet for the gas used by them, or to refrain from defending any action that should be brought against them to recover that amount, or from maintaining any action to prevent the gas company from enforcing the payment of such amount by cutting off the gas from their premises. Indeed, the learned circuit judge, in his opinion granting the injunction *pendente lite*, construes its provisions and expressly states that "as between the consumer and the manufacturer it left the question as to what the former should pay the latter precisely where it stood before. Any consumer who might be asked to pay the old rate was left by the order entirely free to decline to pay it and to make a tender at the new rate for the gas he had consumed. * * * The individual consumer was not a party to the suit and had not been served with process. In the case of a consumer who, upon demand, chose to pay the old rate, the order provided that the company should not cover the

twenty cents difference into its treasury, but should leave it impounded under the direction of the court so as to fully insure its return to the person paying the same in the event of the company's failing to succeed in its litigation. In the case of the consumer who chose to make tender at the new rate and to stand upon whatever rights were secured to him by the action of the gas commission in fixing that rate and by the action of the legislature in establishing the same rate, the order left him entirely free and untrammelled to apply for such relief as the law afforded him in the event of the company's seeking to compel payment of the difference." That the gas company so understood and construed the injunction order is apparent from the fact that the company moved to extend the terms of the injunction so as to enable the company to collect the twenty cents difference by summary measures from such consumers, such as by refusal to supply them with gas, which motion the Circuit Court judge refused. We conclude, therefore, that the injunction order issued in this action is not in conflict with that issued in the action pending in the United States court, and that the Supreme Court of this state had jurisdiction to entertain this action, and that there is nothing in the principle of comity that prohibits the state court from entertaining jurisdiction to the extent of granting the injunction in this case.

As to whether the Circuit Court could, or should, enjoin the consumers from bringing actions in the state courts, is a question for the Federal courts to determine. In this action the plaintiff has secured through the injunction issued his right to receive, or be furnished, gas during the pendency of the action. The defendant is protected in its right by the undertaking which has been given to pay it the damages which it may sustain by reason of the injunction. Inasmuch as the Circuit Court had previously obtained jurisdiction to determine the constitutional questions involved, it may be that our Supreme Court, in case that action is prosecuted with diligence, should stay the trial of this action until the determination of that court of the issues in that action, but

that question involves the discretion of the Supreme Court, and should be determined by it.

The order appealed from should be affirmed, with costs, and the questions certified answered to the effect that the Supreme Court has jurisdiction and that there is nothing in the principle of comity that prohibits it from entertaining jurisdiction.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Order affirmed.