IKE I. SCHNEIDER, Respondent, *v.* NEW AMSTERDAM GAS COMPANY and CENTRAL TRUST COMPANY OF NEW YORK, Appellants.

First Department, December 7, 1906.

Injunction to restrain cutting off gas — order for injunction pendente lite reversed when defendant enjoined by Federal court from accepting statutory rate for gas.

When in an action for an injunction to restrain a gas company in the city of New York from cutting off the plaintiff's gas supply because of the refusal of the plaintiff to pay more than eighty cents per 1.000 feet (the rate set by chapter 125 of the Laws of 1906) it appears that the defendant has been enjoined by the Federal court from accepting payment for gas at that rate, it would be inequitable to enjoin the defendant from cutting off the plaintiff's gas.

The Supreme Court has no power to construe the order of the Federal court, and while the Appellate Division has power to exercise its judicial discretion as to an injunction granted at Special Term, that discretion should first be exercised by the Special Term. Especially so when it is possible that the Federal court may so construe its order as to make it no violation for the defendant to accept a payment of eighty cents per 1,000 feet on account, with security for the payment of the balance if said act of 1906 should ultimately be found invalid.

(Per INGRAHAM and HOUGHTON, JJ.): The order granting an injunction *pendente lite* should be reversed by the Appellate Division and the motion for an injunction denied.

APPEAL by the defendants, the New Amsterdam Gas Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of July, 1906, restraining the defendant, the New Amsterdam Gas Company, from cutting off the plaintiff's supply of gas, by reason of his refusal to pay more than eighty cents per 1,000 cubic feet.

*John A. Garver*, for the appellant New Amsterdam Gas Company.

*Arthur H. Van Brunt*, for the appellant Central Trust Company.

*Clarence J. Shearn*, for the respondent.

SCOTT, J. :

The plaintiff has obtained an injunction *pendente lite* restraining the defendant, the New Amsterdam Gas Company, from discon-

tinuing, cutting off or refusing to supply him with gas, and from removing his gas meter and other appliances for the supply of gas, because of plaintiff's refusal to pay more than eighty cents for each 1,000 feet of gas consumed upon the premises. The complaint upon which the injunction was granted recites the passage of the act known as chapter 125 of the Laws of 1906, which in terms fixes the price of eighty cents per 1,000 cubic feet as the maximum legal rate which the defendant gas company is authorized to charge or receive in the borough of Manhattan; the rendition of bills to plaintiff at the rate of one dollar per 1,000 feet; the tender of payment therefor at the rate of eighty cents per 1,000 feet; the refusal of the defendant gas company to accept payment at that rate, and its threat to discontinue the supply of gas unless the bills therefor be paid at the rate specified therein. In granting the injunction the court below recited in its order that it did so "on the authority of * * * *Jacob Richman* v. *Consolidated Gas Company of New York*,* and not in the exercise of the discretion confided to the Special Term." In the *Richman* case an injunction based upon substantially the same state of facts was sustained by the Court of Appeals for reasons of comity, because the one question involved, to wit, the constitutionality of the act of 1906, was likewise involved in an action of which the Circuit Court of the United States in this circuit had taken jurisdiction, and it was deemed that it would be best that the State courts should not undertake to pass upon the question under consideration by a Federal court of ample jurisdiction. (186 N. Y. 209.) If the facts now presented were identical with those presented in the *Richman* case there could be no doubt of the propriety of the course adopted at Special Term. They are not identical, however. It is made to appear that the defendant Central Trust Company of New York is trustee for the bondholders under a mortgage executed by the defendant gas company covering property of various kinds; that said trust company as trustee commenced an action in the Circuit Court of the United States against the defendant gas company and others, and applied for and obtained an injunction therein wherein, among other things, the said gas company was enjoined and restrained from accepting eighty cents per

* *Richman* v. *Consolidated Gas Co.* (114 App. Div. 216).— [REP.

1,000 cubic feet for gas manufactured and supplied by said defendant New Amsterdam Gas Company to any consumer, or any rate less than that which was in effect prior to the date of the aforesaid act, for gas supplied to its customers. This fact, not present in the *Richman* case, seems to us to create a condition calling for the exercise of discretion by the court, either as to granting or refusing the injunction, or in affixing conditions to its grant or refusal. As things now stand the defendant gas company is placed in a dilemma. It cannot, under the order appealed from, compel the payment of more than eighty cents per 1,000 feet, and it cannot, under the injunction of the Federal court, accept eighty cents, or any sum less than one dollar. The result of continuing this injunction would be to compel the gas company to continue to furnish gas, and prevent its collecting any price at all for the amount so furnished. It would be inequitable and unjust to leave the defendant gas company in this position, and while this court has the undoubted power to exercise such judicial discretion as is vested in the Supreme Court, that discretion should first be exercised in a case like the present by the court at Special Term. While we have no authority to construe an order of the Federal court, and should not attempt to do so, the restraining order in the action brought by the defendant trust company may possibly be construed to restrain only the acceptance of eighty cents per 1,000 feet as payment in full for the gas furnished, leaving it no violation of the order to accept that sum on account, with proper security for the payment of the difference between that sum and one dollar per 1,000 if the act of 1906 should ultimately be found to be invalid. If this view should prevail, it would be necessary that the payment of eighty cents per 1,000 should be accompanied with sufficient evidence that it was not paid or accepted in payment of the bill for gas, but merely as a sum paid on account, and since the final determination as to the validity of the act of 1906 may be long delayed, ample and certain security should be exacted for the payment of the unpaid twenty cents per 1,000 cubic feet if the invalidity of the act should be established. On the other hand, it may be made to appear either that ample provision has already been made by the Federal court, or can be made by this court, to insure the repayment to plaintiff of the excess paid by him, in case the injunction

First Department, December, 1906.          [Vol. 116.

*pendente lite* be refused and the act of 1906 afterwards declared to be valid. We apprehend that the court below will encounter no difficulty in exercising its discretion in such a manner as to safeguard the rights and interests of both parties.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion remitted to the Special Term to be disposed of upon the merits.

MCLAUGHLIN and CLARKE, JJ., concurred; INGRAHAM and HOUGHTON, JJ., dissenting in part.

INGRAHAM, J. (dissenting in part):

I think this order should be reversed and the motion for an injunction denied. The United States Circuit Court has enjoined the gas company from accepting eighty cents per 1,000 cubic feet for gas manufactured and supplied by the company to any consumer, or any rate less than that which was in effect prior to the date of the aforesaid acts* and order for gas supplied by it to its customers. Just how the United States Circuit Court will construe this injunction does not appear, but I do not think that this court should compel the gas company to run the risk of a determination of the Circuit Court that in accepting eighty cents from the plaintiff it was violating the injunction and was thus in contempt. The order of the United States court amply protects the plaintiff, as if the bill is dismissed in the United States Circuit Court the plaintiff would be able to obtain repayment of all he has paid in excess of eighty cents. The protection of the plaintiff does not require that this injunction should be granted, and I certainly think that no careful counsel would advise the gas company that it is safe to receive any sum less than one dollar for the gas furnished to its customers in the face of this injunction of the United States Circuit Court.

HOUGHTON, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion remitted to Special Term. Order filed.

---

* See Laws of 1905, chaps, 736, 737, and Laws of 1906, chap. 125.— [REP.