Scott, J.:
•The plaintiff has obtained an injunction pendente Ute restraining the defendant, the New Amsterdam Gas Company, from discon *346 tinning, cutting off or refusing to supply him with gas, and from removing his gas meter and other appliances for the supply of gas, because of plaintiff’s refusal to pay more than eighty cents for each 1,'000 feet óf gas consumed upon the premises. The complaint upon which the injunction was granted recites the passage: óf the act known as chapter 125 of the Laws of 1906, which in terms fixes- the price , of eighty cents -per 1,000- cubic feet as the maximum legal rate which the defendant gas company is authorized to charge1 or receive in the borough of Manhattan ; the rendition of bills to pljain-tiff at-the rate of one dollar per 1,000 feet; the tender of payment therefor at the rate of eighty cents per 1,000 feet; the refusal of the defendant gas Company to accept payment at that rate, and its threat to discontinue the supply of gas unless the bills therefor be paid at the rate specified therein. In granting the injunction the court below recited in its order that it did so “ on the authority of * * * Jacob Richman v. Consolidated Gas Company of New York,* and not in the exercise of the discretion confided to the Special Term:” - In the Riekma/n case an in junction based upon substantially- the same state of facts was sustained by the Court of Appeals for reasons of comity, because the one question involved, to wit,; the constitutionality of the act of 1906, was likewise involved in an action of which. the Circuit Court of the United States in this circuit had taken jurisdiction, an<i it.was deemed that it would be best that the State courts should not undertake to pass upon the question undél* consideration by a Federal court of ample jurisdiction, I (186 N. Y. 209.) If the facts now.presented were identical with- those presented in'' the Riekman case- there- could be no doubt of thei propriety -of the course adopted at Special (Term. They are not identical, however. It is made to appear that the defendant- Central Trust Company of New York.is trustee for the bondholders under a mortgage executed- by. the defendant gas company coveting property -of various kinds; that said trust company as trusteie commenced an action in the Circuit Court of the United States against the defendant gas company and- others, and applied for and obtained an injunction therein wherein, among other things,, ijhe said gas com-' pony was enjoined and restrained- from, accepting!eighty cents per *347 1,000 cubic feet for gas manufactured and supplied by said defendant New Amsterdam Gas Company to any consumer, or any rate less than that which was in effect prior to the date of the aforesaid act, for gas supplied to its customers. This fact, not present in the liichmcm case, seems to us to create a condition calling for the exercise of discretion by the court, either as to granting or refusing the injunction, or in affixing conditions to its grant or refusal. As things now stand the defendant gas company is placed in a dilemma. It cannot, under the order appealed from, compel the payment of more than eighty cents per 1,000 feet, and it cannot, under the injunction of the Federal court, accept eighty cents, or any sum less than one dollar. The result of continuing this injunction would be to compel the gas company to continue to furnish gas, and prevent its collecting any price at all for the amount so furnished. It would be inequitable and unjust to leave the defendant gas company in this position, and while this court has the undoubted power to exercise such judicial discretion as is vested in the Supreme Court, that discretion should first be exercised in a case like the present by the court at Special Term. While we have no authority to construe an order of the Federal court, and should not attempt to do so, the restraining order in the action brought by the defendant trust company may possibly be construed to restrain bn-ly the acceptance of eighty cents per 1,000 feet as payment in full for the gas furnished, leaving it no violation of the order to accept that sum on account, with proper security for the payment of the difference between that sum and one dollar per 1,000 if the act of 1906 should ultimately be found to be invalid. If this view should prevail, it would be necessary that the payment of eighty cents per 1,000 should be accompanied with sufficient evidence that it was not paid or accepted in payment of the bill for gas, but merely as a sum paid on account, and since the final determination as to the validity of the act of 1906 may be long delayed, ample and certain security should be exacted for the payment of the unpaid twenty cents per 1,000 cubic feet if the invalidity of the act should be established. On the other hand, it may be made to appear either that ample provision has .already been made by the Federal court, or can be made by this court, to insure the repayment to plaintiff of the excess paid by him,' in case the injunction *348 j'pendente lite be refused and the- act of 1906 afterwards declared to be valid. We apprehend that the court below ¡will encounter no difficulty in exercising its discretion in such a manlier as to safeguard the rights and interests of both parties; -
The order will, therefore,, be reversed, with ten dollars costs and disbursements, and the motion remitted to the Special Term to be disposed of upon the merits. j. dollars costs and
McLaughlin and Clarke, JL, concurred ;¡ Ingraham and Houghton, JJ., dissenting in part. j

 Richman v. Consolidated Gas Co. (114 App. Div. 216).— [Rep.

 See Laws of 1905, chaps, 736, 737, and Laws of 1906, chap. 135;— [Rep.