BUFFALO GAS CO. v. CITY OF BUFFALO et al.

(Circuit Court, W. D. New York. October 7, 1907.)

No. 319.

INJUNCTION—PRELIMINARY INJUNCTION—GROUNDS.

    A court of equity may properly grant a preliminary injunction on application of a gas company against the mayor of a city in New York to restrain him from enforcing an order made by the state commissioners of gas and electricity pending a suit to determine the constitutionality of such order which is alleged to be confiscatory, and to permit complainant to render bills to customers at the old rate, and may also extend such injunction to the city when made a party where it is a customer of complainant and affected by the order, provision being made for impounding the difference between the amount paid by any consumer and that fixed by the commission, the complainant being otherwise subject to irreparable injury, and without remedy at law by reason of the state statute, which makes it a complete defense to an action to collect for gas that the rate charged is higher than that fixed by the commission.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 14–17, 305, 306.]

In Equity. On motion for preliminary injunction.

Rogers, Locke & Babcock (Louis L. Babcock, of counsel), for complainant.

Louis E. Desbecker, for defendants.

HAZEL, District Judge. The bill alleges that under the provisions of chapter 737, p. 2092, Laws 1905 of the state of New York, the commissioners of gas and electricity appointed under said act upon complaint of the mayor of the city of Buffalo made an order on June 30, 1907, that on and after the 1st day of September, 1907, the maximum price for gas which should be charged to consumers by the complainant, the Buffalo Gas Company, in the city of Buffalo, be fixed at 95 cents per 1,000 cubic feet; such amount being a reduction of 5 cents from the price then charged to individual consumers. The bill charges that the price so established by the commission is repugnant to the federal Constitution, in that it will not admit of a reasonable increment to the owners of the capital stock upon the actual value of the property invested in the manufacture of gas, and therefore the effect of such lowering of the price of gas is to disregard the right of contract in violation of subdivision 1 of section 10 of article 1 of the fourteenth amendment thereto. An injunction is sought restraining the city of Buffalo and its mayor from enforcing the order, and for an order permitting the gas company to collect from its customers the price charged prior to September 1, 1907—i. e., the sum of $1 per 1,000 cubic feet, instead of 95 cents—the difference to be impounded and to await the result of this action. The bill discloses that the price for gas to the city of Buffalo eo nomine has not in fact been established or fixed by the commission; that the gas company has sold gas to the city for street lighting and other uses for more than five years past at a fraction less than 75 cents per 1,000 cubic feet; that, because of competition, it will be necessary for the gas company to supply gas to the city of Buffalo at

a less amount than the cost of manufacture. The defendants have filed a demurrer on the single ground that the gas company is not entitled to the relief sought against the defendants. The corporation counsel argues that the reduction in question does not affect the city, and urges that proper parties are not before the court. Of course, the material allegations of fact in the bill, namely, that by enforcing the act and order of the commission a practical confiscation of complainant's property would result and moreover it would be exposed to a multiplicity of suits, must be regarded as admitted by the demurrer.

The point contended by the corporation counsel is thought unavailing, as the contract with the city has expired, and has not been renewed, although the complainant continues to supply gas to the city for municipal lighting, and the latter without doubt will be required to pay for the same. In the absence of a contract or special statute fixing the price of gas to the city, the latter occupies no different relation to the gas company than the individual consumer. Counsel for defendants further contends that neither the city nor the inhabitants can be restrained in this suit under the doctrine announced by Judge Lacombe in Consolidated Gas Company v. Mayer et al. (C. C.) 146 Fed. 150, and later approved by Judge Laughlin in Richman v. Consolidated Gas Company, 114 App. Div. 216, 100 N. Y. Supp. 81. In the former case the court dealt with the provisions of a special act of the Legislature applicable to New York City fixing the price of gas sold to the city at 75 cents per 1,000 cubic feet. For failure to comply with its provisions, a penalty is prescribed in the act which the Attorney General or the district attorney is empowered to collect under section 1962 of the Code of Civil Procedure. For reasons stated in the opinion, the court, in the Mayer Case, declined to enjoin the city of New York. Such reasons, however, are not wholly applicable to this controversy, for here admittedly the city of Buffalo and its mayor threatens to compel the enforcement of Act 1905, p. 2100, c. 739, which provides under section 20 that the commission or any person, corporation, or municipality interested in the enforcement of such order may apply to the Supreme Court for a writ of mandamus to compel compliance with such order. This court is therefore persuaded that the city of New York was not enjoined by Judge Lacombe because in that case the Attorney General and the district attorney, who were parties, were charged with the responsibility of recovering the specified penalty for noncompliance with the statute, and also because the price for gas to the city of New York was fixed by the Legislature at a less sum than that charged consumers, while in this case the city of Buffalo, in the absence of a contract providing for a less price, probably is liable for an amount equal to that charged the individual consumer. In any event, the action of the commission declares what shall be the maximum price to consumers of gas, and concededly the city is one of complainant's customers.

By section 21 of chapter 737, p. 2100, Laws 1905, it is provided that, if the gas company should demand a price in excess of that fixed by the commission, the fact of such demand in any action brought by the gas company for the collection of the price charged would, if it appear that

excessive charge had been made, be a complete defense. The severity of this provision will at once be apparent when it is understood that if the gas company were to deliver bills to its customers for the amount which it claims to be entitled to charge or receive—i. e., $1 per 1,000 cubic feet—in an action brought by such company against the consumer to recover such amount, the latter may successfully oppose the payment of any portion of his indebtedness on the ground that a sum has been charged in excess of that established by the commission. Under the circumstances, it manifestly would seem fairer to maintain the status quo until this action or at least until the test action now pending in the Circuit Court for the Southern District (Consolidated Gas Company v. Mayer et al.) is finally determined. If this court of equity were to refuse the request of the gas company, irreparable loss would unquestionably be sustained by it, and I conceive that it would be impracticable for the company to proceed at law to collect the charge for gas consumption. Although the difference in the price of gas between the amount charged and the amount fixed by the commission is small, yet in the aggregate a large sum is involved much of which would be lost to the company on account of removals from the city by consumers or otherwise unless the gas company is given its day in a court of equity, and in a suit such as this.

The question of whether the statute is illegal and void as in contravention of the fourteenth amendment to the Constitution of the United States is not now before me for decision, nor is the right disputed of this court to enjoin proper defendants from attempting to enforce the statute pendente lite. Although chapter 737, p. 2092, Laws 1905, has in terms been repealed, substantial re-enactments of its provisions are found in the public service commissions law, passed in 1907. Therefore, under the provisions of the statutory construction law, the statute under consideration, assuming its validity, it is thought may nevertheless be enforceable. The relief sought is simply preventive in its nature to preserve the status of the parties until their rights are adjudicated. Undoubtedly the mayor of the city and the municipality are interested in the litigation—the mayor in the sense that he is the conservator of the welfare of the community, but as a general rule an injunction is not allowable unless the parties against whom it is sought are before the court, or unless they are dispensed with by order of the court under equity rule 48. Even though it appears that the defendants in a sense acted as the agents of the community, the latter, if not parties, should not be enjoined in a proceeding such as this. Osborn v. United States Bank, 9 Wheat. 738, 6 L. Ed. 204; Consolidated Gas Company v. Mayer et al., supra; Richman v. Consolidated Gas Company, supra, affirmed on appeal, 186 N. Y. 209, 78 N. E. 871. In the protection of its property the gas company asks leave of the court to issue to its customers bills or demands for gas consumed each month at the rate of $1 per 1,000 feet, the difference between such sum if paid by the customer and the amount fixed by the commission to be impounded until the controversy may be determined. To this request, following the order in the Mayer Case, there can be no reasonable objection, though it must not be assumed that by this order the customer is bound to pay the higher rate. The order should provide that the

customer may have the option of paying the higher or lower rate, and, if he should be willing to pay the higher rate, it should contain provisions for the conservation of the fund and for the protection of the consumer in the repayment to him of the five cent difference should the action ultimately be decided in favor of the defendants.

The demurrer is overruled. An order may be drawn restraining the defendants in accordance with the views herein expressed. The terms thereof may be agreed upon by counsel, and, failing to agree, they will be settled by the court.