### NORTHERN UNION GAS CO. v. MAYER et al.

(Circuit Court, S. D. New York. August 16, 1909.)

GAS (§ 14*) — SUIT TO ENJOIN ENFORCEMENT OF STATUTE FIXING PRICE — DISTRIBUTION OF EXCESS PAYMENTS IMPOUNDED.

Order settled for distribution of excess payments for gas made by consumers and deposited by the company with a special master under a prior order.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 14.*]

In Equity. On settlement of order.

Cortlandt Betts, for complainant.

George S. Coleman, Robert C. Taylor, and Francis K. Pendleton, Corp. Counsel, for defendants.

LACOMBE, Circuit Judge. The order directing disposition of the undistributed balance of excess charges for gas, deposited with the special master by this company, is filed herewith. 171 Fed. 602. Inasmuch as it has been stated that it will be appealed from, no action will be taken under it for a week, and, in the event of an appeal being sued out in the interval, none will be taken until the appellant shall have had an opportunity to be heard.

When the special master's request for instructions was under advisement, it was thought that any persons who had heretofore paid ex-

·cess charges for gas and, despite the extensive advertisement of the progress of repayment which the news columns of the various daily papers have contained, had given no indication of a desire to recover them during the period allowed by the state statutes for the recovery of money thus disposed of, would in all probability never make application. It was not expected that they would appear 10 or 20 years hence. There was no intention to cut them off summarily; but it did seem desirable that some time limit should be placed on the industry, frequently by misrepresentations, persuades the poor and ignorant to part with their claims for a few cents and then prosecutes them vigorously for dollars. Since, however, the language used in the opinion might be misconstrued, it has been somewhat modified. in the order.

Suggestion has been made that these funds are in the registry of the court. The order proposed by the corporation counsel apparently so treats them. This is a mistake. They never were covered into the registry, because no private consumer was a party to the suit, the city of New York paid no excess charges, and the court expressly refused to make any order which should affect him. "Any consumer who might be asked to pay the old rate was left by the order entirely free to decline to pay it." All payments of excess over that rate were entirely voluntary, so far, at least, as any action of this court was concerned. Consolidated Gas Co. v. Mayer (C. C.) 146 Fed. 151; Richman v. Consolidated Gas Co., 186 N. Y. 213, 78 N. E. 871; Central Trust Co. v. New Amsterdam Gas Co. (C. C.) 167 Fed. 983. The original order enjoined only the Attorney General and the district attorney from instituting and prosecuting actions to recover the cumulative penalties prescribed by the gas act of 1906 (Laws N. Y. 1906, p. 235, c. 125). It was thought that these provisions were void under decisions of the Supreme Court, a conclusion which has since been approved by that court. Willcox v. Consolidated Gas Co., 212 U. S. 53, 29 Sup. Ct. 192, 53 L. Ed. 382.

The amount of the bond is not stated in the order, because the undistributed balance is being gradually reduced on notification from consumers of change of address. It is now less than $18,000. The amount can be fixed when the bond is prepared.