PACIFIC TELEPHONE & TELEGRAPH CO. v. CITY OF LOS ANGELES.

(Circuit Court, S. D. California, S. D.    September 12, 1910.)

No. 1,567.

Injunction (§ 136*)—Preliminary Injunction—Right to Relief.

Where, in a suit to restrain the enforcement of telephone rates prescribed by a city ordinance, it appeared that there was a substantial controversy between the parties, which could not be determined satisfactorily until after final hearing on the merits, and that the granting of a temporary injunction on bond would work less inconvenience and injury to the parties, such injunction would be allowed, on the further provision that rates collected in excess of those prescribed by the ordinance should be impounded, subject to future disposition by the court.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 136.*]

In Equity. Suit by the Pacific Telephone & Telegraph Company against the City of Los Angeles. On complainant's application for a temporary injunction. Granted.

E. S. Pillsbury, Mott & Dillon, Pillsbury, Madison & Sutro, and O'Melveny, Stevens & Millikin, for complainant.

John W. Shenk and Leslie R. Hewitt, for defendant.

WELLBORN, District Judge. Manifestly, from the record presented on this hearing, as well as the argument of counsel, there is a substantial controversy between the parties, whose satisfactory determination requires the procedure incident to a final hearing upon the merits. Where such is the case, the court should grant or refuse the provisional remedy asked for, accordingly as the one course or the other will work the least inconvenience and injury to the parties interested. This equitable rule was applied by Judge Gilbert in one of the cases cited by complainant, as follows:

"It is proper to add that I have not even approximately arrived at a conclusion upon the merits of the case. The general presumption which the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

law indulges, that the action of officers authorized by law to fix rates in such cases is correct, is not to be disturbed by the fact that the rates fixed by the city council in this instance create a very substantial reduction of the rates fixed by their predecessors in office. Each council must act upon its best judgment upon the evidence which is in its possession. There is in my opinion nothing in the facts shown in this case to justify the charge that in adopting the resolution which is complained of the council acted arbitrarily, or were actuated by improper motives or by any purpose save to do what in their judgment was right between the complainant and the city and its inhabitants. A temporary restraining order will work no substantial injury to the defendants or to the consumers of the water. They will be amply protected by a bond to cover the amount by which the rates are reduced by the resolution. On the other hand, if the order were denied, and the contention of the complainants should finally be sustained, it is evident that the complainant would be subjected to serious inconvenience and injury, notwithstanding the remedy afforded it by that section of the resolution which permits it to shut off water from premises on which the rentals are 30 days in arrears, and would be required to bring a multiplicity of suits, which it is one of the functions of a court of equity to prevent. It is a settled rule for the guidance of the discretion of courts in cases such as this to look to the balance of injury and inconvenience, and to consider whether a greater injury will be done by granting than by refusing an injunction. In United States v. Duluth, 1 Dill. 474, Fed. Cas. No. 15,001, Mr. Justice Miller said: 'When the danger or injury threatened is of a character which cannot be easily remedied if the injunction is refused, and there is no denial that the act charged is contemplated, the temporary injunction should be granted until the case made by the bill is satisfactorily refuted by the defendant.' See, also, Palatka Waterworks v. City of Palatka (C. C.) 127 Fed. 161, City of Newton v. Levis, 79 Fed. 715, 25 C. C. A. 161, and cases there cited, and Indianapolis Gas Co. v. Indianapolis (C. C.) 82 Fed. 245." Contra Costa Water Co. v. City of Oakland (C. C.) 165 Fed. 518, 533.

To the same effect are the following cases: New Memphis Gas L. Co. v. City of Memphis (C. C.) 72 Fed. 952; Indianapolis Gas Co. v. City of Indianapolis (C. C.) 82 Fed. 245; Buffalo Gas Co. v. Buffalo (C. C.) 156 Fed. 370; Spring Valley Water Co. v. San Francisco (C. C.) 165 Fed. 667. See, also, my conclusions (unpublished) filed in this court in case No. 36, Copper King, Limited, v. Wabash Mining Company et al. (C. C.) 114 Fed. 991, wherein it is said:

"A temporary injunction in this suit would probably work less hardship than its refusal, and where the title to property is in dispute such a circumstance is often, on preliminary hearing, determinative in favor of the complainant. 1 Beach on Injunctions, §§ 307, 308; High on Injunctions (3d Ed.) § 1508; Hicks v. Compton, 18 Cal. 206; Real Del Monte, etc., Co. v. Pond, etc., Co., 23 Cal. 83; Hunt v. Steese, 75 Cal. 620 [17 Pac. 920]; Paige v. Akins, 112 Cal. 401 [44 Pac. 666]."

Applying here this equitable rule, sometimes called the "doctrine of comparative hardships," I think a temporary injunction should be issued, but that all rates collected in excess of those prescribed by the new ordinance should be impounded, subject to future disposition by the court, and that complainant should give a bond for its prompt and faithful obedience to such requirements. An order will be entered conformably to the views above expressed. Counsel can doubtless agree upon its terms; if not, however, the court will settle them.

For counsel's guidance in future conduct of the suit, it may be well to say now that I think the testimony ought not to be taken before

an examiner, but the matter should be referred to a special master, as suggested in Consolidated Gas Co. v. Mayer (C. C.) 146 Fed. 150, 159. See, also, Chicago, Milwaukee, etc., Ry. Co. v. Tompkins, 176 U. S. 167, 179, 180, 20 Sup. Ct. 336, 44 L. Ed. 417.