GIOVANNI GUATTARRI,

*vs.*

INTERNATIONAL IMPORT AND EXPORT COMPANY, JOHN W. CROSS, ALBERT CROSS and REAL ESTATE TITLE INSURANCE AND TRUST COMPANY.

*New Castle, Feb. 9, 1917.*

Where, at return of a rule requiring defendants to show cause why they should not be enjoined from alienating or disposing of the shares of stock of a company held by them, etc., it is not clear whether complainant has any legal or equitable rights respecting defendants' shares, based on the share of the profits of the business to which complainant was entitled, complainant is entitled to have the present holdings of shares by defendants remain unchanged pending suit, and preliminary injunction will be awarded.

INJUNCTION BILL. · The cause was heard on bill, answers of all the defendants (except the Real Estate Title Insurance and Trust Company), affidavits and exhibits at the return of a rule requiring the defendants John W. Cross and Albert Cross to show cause why they should not be enjoined and restrained from alienating or in any way disposing of the shares of the capital stock of the International Import and Export Company held by them, and from voting any of said shares at the annual meeting, or any adjournment thereof, of said International Import and Export Company. The facts appear in the opinion.

*Herbert H. Ward,* for the complainant.

*Caleb S. Layton,* and with him *Leo J. Gorman,* of the Philadelphia Bar, for the defendants other than Real Estate Title Insurance and Trust Company.

THE CHANCELLOR.    The bill is based on the theory of an oral agreement between the complainant, Guattarri, and John W. Cross, each of whom were then engaged in separate businesses, the former in the business of exporting and importing merchandise, and the latter in the business of a jobber of lithographing and printing, by which agreement each was to turn over his business to a corporation to be organized; that the corporation had been created and organized; that the complainant turned over his business to the company, but that John W. Cross had refused to do so; that twenty shares of the capital stock of the corporation had been issued to the complainant for his business; and that he had transferred eight of them to John W. Cross and four to Albert Cross, son of John W. Cross; that the eight shares were transferred to John W. Cross as consideration for his business to be turned over to the company; and that the four shares had been sold to Albert Cross, who had not paid for them; that these two other shareholders had gained control of the company by holding a majority of the stock to the irreparable injury of the complainant.    The complainant prays in substance, among other things, that John W. Cross and Albert Cross be enjoined from voting their shares at stockholders' meetings, and that they be declared trustees for the complainant as to the shares.

The company, John W. Cross, Albert Cross and the Real Estate Trust Title Insurance and Trust Company, the depository of the funds, were made parties defendant (the last named to protect a withdrawal of moneys of the company), and all of the defendants except the Trust Company have appeared and filed answers, and *ex parte* affidavits and exhibits, including the minute book, and the stock ledgers of the company, have been filed and produced at the hearing of a rule to show cause why the two stockholders should not be enjoined pending the hearing of the cause from disposing of, or voting, their shares.

There were other allegations as to depriving the complainant, as president, of access to the books and papers of the company, but it is not now important to consider this part of the bill, for it appeared at the hearing that since the filing of the bill the resignation of the complainant as president has been accepted, though he still remains a director, John W. Cross and Albert Cross being the other two directors.

The principles which usually control the discretion of courts in granting or refusing preliminary injunctive relief was well stated by Judge Bradford, the United States District Court Judge of this District, in *Harriman v. Northern Securities Co., (C. C.)* 132 *Fed.* 464, 475, and quoted by him in *Hoy v. Altoona Midway Oil Co., (C. C.)* 136 *Fed.* 483, 484, thus:

" The granting or refusal of a preliminary injunction, whether mandatory or preventive, calls for the exercise of a sound judicial discretion in view of all the circumstances of the particular case. Regard should be had to the nature of the controversy, the object for which the injunction is sought, and the comparative hardship or convenience to the respective parties involved in the awarding or denial of the injunction. The legitimate object of a preliminary injunction, preventive in its nature, is the preservation of the property or rights in controversy until the decision of the case on a full and final hearing upon the merits, or the dismissal of the bill for want of jurisdiction or other sufficient cause. The injunction is merely provisional. It does not, in a legal sense, finally conclude the rights of parties, whatever may be its practical operation under exceptional circumstances. In a doubtful case, where the granting of the injunction would, on the assumption that the defendant ultimately will prevail, cause greater detriment to him than would, on the contrary assumption, be suffered by the complainant, through its refusal, the injunction usually should be denied. But where, in a doubtful case, the denial of the injunction would, on the assumption that the complainant ultimately will prevail, result in greater detriment to him than would, on the contrary assumption, be sustained by the defendant through its allowance, the injunction usually should be granted. The balance of convenience or hardship ordinarily is a factor of controlling importance in cases of substantial doubt existing at the time of granting or refusing the preliminary injunction. Such doubt may relate either to the facts or to the law of the case, or to both. It may equally attach to, or widely vary in degree as between, the showing of the complainant and that of the defendant, without necessarily being determinative of the propriety of allowing or denying the injunction. Where, for instance, the effect of the injunction would be disastrous to an established and legitimate business through its destruc-

tion or interruption in whole or in part, strong and convincing proof of right on the part of the complainant and of the urgency of his case is necessary to justify an exercise of the injunctive power. Where, however, the sole object for which an injunction is sought, is the preservation of a fund in controversy, or the maintenance of the *status quo*, until the question of right between the parties can be decided on final hearing, the injunction properly may be allowed, although there may be serious doubt of the ultimate success of the complainant. Its allowance in the latter case is a provisional measure, of suspensive effect, and in aid of such relief if any, as may finally be decreed to the complainant.

While a judge should not prematurely pass upon points as to which he has doubts, yet even in this preliminary action he should not ignore points as to which he is clear based on admissions and record evidence.

Full opportunity has been had by the parties to present proofs to support their contentions, and it is not unjust to draw some tentative conclusion at this stage of the case. Applying these principles here, it is clear that there is little evidence to sustain the contention of the complainant that the defendant, John W. Cross, had agreed to transfer to the company his lithographing and printing business, and it would be unjust to base any temporary injunctive relief upon that contention. There is even less evidence to sustain the claim to the right of the defendants to control the company, for his own admissions seem to contradict such position. But whether the complainant has any rights, legal or equitable, respecting the shares held by John W. Cross and Albert Cross, based on the share of the profits of the business of the company to which the complainant was entitled, is a matter which is not clear, and to protect such right, if it should be established, the complainant is entitled to have the present holdings of shares of stock of the company by John W. Cross and Albert Cross remain unchanged pending the orderly investigation of the facts in the regular way. The "balance of convenience or hardship" in granting or refusing relief in this case is thus preserved. The complainant is secured against transfers of the shares of the two other defendants into the hands of innocent purchasers, and the two defendants are not deprived of control of the company, or from voting the shares held by them.

The order heretofore issued will be dissolved, and under the general prayer for relief in the absence of a specific prayer therefor, a preliminary injunction will be awarded enjoining John W. Cross and Albert Cross from alienating the shares of stock held by them pending the hearing of the cause, or until the further order of the Chancellor, the complainant giving suitable protection in the injunction bond to be given to all of the defendants, except the Trust Company.